OPINION
NASH, Court of Appeals Judge.
I. BACKGROUND
The Tribe initiated disenrollment proceedings against lineal descendants of Chief Tumulth, a signatory to the Treaty with the Kalapuya, Etc., (Willamette Valley Treaty) of January 22, 1855, on behalf of the Wal-lal-lah Band of Tumwaters’ (Cascade Indians). This was one of several treaties with tribes and bands that ended np comprising the Confederated Tribes of Grand Ronde. The individuals against whom disenrollment was proposed included deceased lineal descendants of Chief Tumulth. On July 22, 2014, The Enrollment Committee issued final decisions to remove Petitioners from the Grand Ronde membership rolls. On August 20, 2014, Petitioners appealed that decision to the Tribal Court. On September 1, 2015, the Tribal Court dismissed the appeals with prejudice. {Petitioners’¡Appellants’ Excerpts of Record at 37-lp3). This appeal then followed. On October 29, 2015, we issued an Order Consolidating Cases consolidating Petitioners’ appeals into this case. Petitioners raise a number of issues on appeal, however our decision regarding the capacity of the Petitioners to bring this case is dispositive of this appeal and we need not reach those issues.
II. DISCUSSION
Petitioners’ appeal of the Enrollment Committee decision to the Tribal Court was brought “in the capacity of administrator, executor, heir, assign, next-of-kin, lineal descendent and/or designated personal representative of the above-named deceased Tribal Member.” {Petitioners’/Appellants’ Excerpts of Record at 297). Petitioners-Appellants claim they have capacity to bring this action because they “qualify [as the disenrolled members]” in this case. (Appellants’ Opening Brief at 13). Petitioners-Appellants further assert that because the disenrolled individuals are deceased, the deceased interests are represented by their estates, “specifically the personal representatives of those estates.” Id.
It is true that some claims survive an individual’s death and that personal representatives, executors and/or administrators often have the capacity to pursue those claims on behalf of the decedent’s estate. Petitioners here do not have that capacity. In federal court the capacity to sue and be sued is determined by the law of the state. Rule 17(b)(3) Federal Rules of Civil Procedure. While the Tribe challenges Petitioner’s capacity to bring this case, neither party cites any tribal statutory definition of capacity. The petitioners here have not been appointed as personal representatives, executors or administrators of their deceased ancestors’ estates. Their status as heirs, next-of-kin and lineal descendants do not confer representative capacity on them to bring this action on behalf of their deceased ancestors and there has been no evidence produced regarding any assignment by those ancestors to the Petitioners. Consequently, we hold that absent judicial or statutory authority conferring upon the Petitioners *369 the authority to bring this action, they are without capacity to do so.
AFFIRMED.
WE CONCUR: ROBERT J. MILLER and PATRICIA C. PAUL, Judges.